UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHAN WILSON,

        Plaintiff,

v.                                                                                            Case No. 1:02-CV-936

UNKNOWN KLEIN et al.,                                                      HON. GORDON J. QUIST

        Defendants.
_____/

## OPINION

Presently before the Court are Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (6), Plaintiff's motion to show good cause for filing late in support of his Rule 60(b) motion, and Plaintiff's motion to proceed *in forma pauperis*. All three motions are dated June 12, 2008, and were filed on June 16, 2008. The Court will deny the motions for the reasons set forth below.

Plaintiff filed his complaint in this case on December 19, 2002. Plaintiff alleged a claim against Defendants under 42 U.S.C. § 1983, asserting that they violated his First Amendment right of access to the courts when they failed to process Plaintiff's disbursements and legal mail in connection with a state court malpractice action that Plaintiff had filed in Wayne County Circuit Court. On January 7, 2003, this Court issued an Opinion and Judgment concluding that Plaintiff's complaint should be dismissed following initial screening under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In particular, the Court, applying the then-existing Sixth Circuit standard for exhaustion under the PLRA, concluded that Plaintiff failed to satisfy the PLRA's exhaustion requirement. However, instead of dismissing for lack of exhaustion,

the Court considered the merits of Plaintiff's claim and concluded that the complaint should be dismissed for failure to state a claim.

Plaintiff appealed the Judgment to the United States Court of Appeals for the Sixth Circuit. On September 18, 2003, the Sixth Circuit issued an order affirming this Court's dismissal of Plaintiff's complaint for failure to state a claim. *See Wilson v. Klein*, 75 F. App'x 479 (6th Cir. 2003). The court of appeals declined to reach the issue of exhaustion in light of its conclusion that the complaint was properly dismissed for failure to state a claim. *See id.* at 480. The Sixth Circuit issued its mandate on October 14, 2003, but recalled it on November 18, 2003. It subsequently reissued the mandate on April 18, 2005.

In his Rule 60(b) motion, Plaintiff cites both Rule 60(b)(1) and Rule 60(b)(6). The motion is untimely, whether considered under either provision. The time limits for the various Rule 60(b) grounds are as follows:

> ***Timing***.  A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).

Plaintiff's motion is more than four years too late, to the extent that it is brought under subsection (b)(1). Plaintiff was required to file his motion under Rule 60(b)(1) by January 7, 2004. Plaintiff's appeal does not alter this conclusion, because the filing of an appeal does not toll the one-year period for motions under Rule 60(b)(1)-(3). *See Hancock Indus. v. Schaeffer*, 811 F.3d 225, 239 (3d Cir. 1987) (noting that the one-year period for filing a Rule 60(b)(2) motion expired during the appeal); *Egger v. Phillips*, 710 F.2d 292, 329 (7th Cir. 1983) (stating that Rule 60(b)(2) "motions must be filed, under the express terms of the Rule, within one year of entry of judgment, and this time limit is not extended by the maintenance of an appeal"). In his motion to show good cause for

filing his motion late, Plaintiff cites *Gencorp, Inc. v. Olin Corp.*, 477 F.3d 368 (6th Cir. 2007), for the proposition that a Rule 60(b) motion is not a substitute for an appeal.  This principle does not help Plaintiff, because it merely means that a party cannot use a Rule 60(b) motion to raise an argument that should have been raised on appeal.  *See id.* at 373.  It does not mean, as Plaintiff appears to believe, that an appeal tolls the time for filing a Rule 60(b) motion.  Moreover, even if Plaintiff's appeal tolled the time for filing the motion (which it did not), the motion would still be untimely by almost two years.

To the extent that Plaintiff relies upon Rule 60(b)(6), his motion is untimely because it was not brought "within a reasonable time."  In determining a reasonable time the court must consider the particular facts of the case before it.  *In re Abdur' Rahman*, 392 F.3d 174, 185 (6th Cir. 2004), *vac'd on other grounds*, 545 U.S. 1151, 125 S .Ct. 2991 (2005).  As noted above, Plaintiff waited more than five years from the date of the judgment to file his motion.  This delay is unreasonable.  *See Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) (holding that the plaintiff's delay in filing her Rule 60(b)(6) motion until more than three years had passed from the time the district court entered its order was unreasonable).  Plaintiff says in his motion to show good cause for filing his late motion that he did not learn of a Rule 60(b) motion until June or July of 2005, but his delay of almost three years would still be unreasonable.  Finally, Plaintiff refers to the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), which abrogated the Sixth Circuit's procedural rules for exhaustion under the PLRA.  Plaintiff's reliance on *Jones* is misplaced because, while this Court did conclude that Plaintiff failed to properly exhaust his administrative remedies based upon now-invalid Sixth Circuit cases, the Court dismissed Plaintiff's complaint for failure to state a claim.  In fact, the Sixth Circuit affirmed on this basis alone.  Thus, the *Jones* decision cannot

3

serve as an event from which a reasonable time can be measured because it is irrelevant to the basis for the Court's dismissal of Plaintiff's complaint.

Plaintiff's Rule 60(b) motion also fails because Plaintiff neglects to cite any facts supporting the grounds for relief in Rule 60(b)(1) – "mistake, inadvertence, surprise, or excusable neglect." Plaintiff similarly fails to cite any circumstances that would support a motion under Rule 60(b)(6). "Rule 60(b)(6) is interpreted narrowly, permitting relief only in 'extraordinary circumstances.'" *Mitchell v. Rees*, 261 F. App'x 825, 829-30 (6th Cir. 2008) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64, 108 S. Ct. 2194, (1988)). To the extent that Plaintiff asserts that *Jones* is an intervening change in the law mandating relief under Rule 60(b)(6), this assertion fails because, as mentioned above, exhaustion was not the basis for this Court's dismissal or the Sixth Circuit's affirmance. Moreover, it is well established that a change in decisional law is rarely an "extraordinary circumstance" meriting relief under Rule 60(B)(6). *See Copenhaver v. Mich. Dep't of Corr.*, No. 05-CV-73286, 2008 WL 724340, at *2 (E.D. Mich. Mar. 18, 2008). Thus, even if *Jones* were in any way pertinent to the Court's prior dismissal, Plaintiff would not be entitled to relief.

For the reasons set forth above, the Court will deny Plaintiff's motion for relief from judgment under Rule 60(b) and his motion to show good cause for filing late. The Court will dismiss Plaintiff's motion to proceed *in forma pauperis* as moot.

An Order consistent with this Opinion will be entered.


Dated:  June 27, 2008                                      /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE